**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 5 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAVID STARKS,

      Plaintiff-Appellant,

v.

LARRY NUTTER, in his official
capacity as President of Rose State
College; ROSE STATE COLLEGE
BOARD OF REGENTS,

      Defendants-Appellees.

No. 99-6110
(D.C. No. 97-CV-1406-A)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **BARRETT** , and **BRISCOE,** Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff David Starks appeals from the district court's grant of summary judgment in favor of defendant on his claim of racial discrimination brought under 42 U.S.C. §§ 1981 and 1983 and on his state-law claim for retaliation. We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

We review the district court's grant of summary judgment de novo. *See McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998). In conducting that review,

> [w]e examine the record to determine whether any genuine issue of material fact was in dispute; if not, we determine [whether] the substantive law was applied correctly, and in so doing we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion. However, where the nonmoving party will bear the burden of proof at trial on a dispositive issue that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment.

*Id.* (quotations and citations omitted). The movant need not negate the nonmovant's claim, but need only point to an "absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "[I]t is not enough that the nonmovant's evidence be 'merely colorable' or anything short of 'significantly probative.'" *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1521 (10th Cir. 1992) (citation omitted). There is no genuine issue of fact "[w]here the record taken as a whole could not lead a

rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

We have carefully reviewed the record, the parties' arguments on appeal, and the district court order. For substantially the same reasons as stated in the district court order filed February 16, 1999, we conclude that the district court properly granted summary judgment on plaintiff's claims.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge